UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ECF Filing**

_____

EQUAL EMPLOYMENT OPPORTUNITY    )
COMMISSION,                     )
                                )
Plaintiff,                      )
                                )
v.                              )
                                )
STARRETT CITY, INC.,            )
                                )
Defendant.                      )
_____)

CV '06 3230

Civil Action No.  ROSS, J.

COMPLAINT
AND  J. ORENSTEIN, M.J.
JURY TRIAL DEMAND

☆  OCT 2 9 2006  ☆

BROOKLYN OFFICE

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA")

and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on

disability and to provide relief to Ryan Burrowes ("Charging Party"), who was adversely affected

by such practices. As alleged with particularity below, Defendant Starrett City, Inc.

("Defendant") discriminated against Charging Party because of his disability, Attention Deficit

Hyperactivity Disorder/Attention Deficit Disorder and related medical conditions, including

Learning Disability, by refusing to promote him to a position for which he was qualified.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"),

42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991,

42 U.S.C. § 1981a.

2.    The unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

**PARTIES**

3.    Plaintiff, Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.    At all relevant times, Defendant has continuously been a corporation doing business in the State of New York and has continuously employed at least fifteen employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000-e(g) and (h).

6.    At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**STATEMENT OF CLAIMS**

7.    More than thirty days prior to the institution of the lawsuit, Charging Party filed a charge with EEOC alleging violations of Title I of the ADA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.    Since at least July 2004, Defendant has engaged in unlawful employment practices in violation of Sections 102 and 503 of the ADA, 42 U.S.C. §§ 12112 and 12203, as

2

outlined below:

      a.      Charging Party is an individual with a disability under the ADA in that he has Attention Deficit Hyperactivity Disorder/Attention Deficit Disorder and related medial conditions, including Learning Disability, which substantially limit him in one or more major life activities, including, but not limited to, concentrating, remembering, learning and thinking.

      b.      Charging Party was employed as an Apprentice by Defendant from December 2000 to August 2004.

      c.      Charging Party performed well as an Apprentice.

      d.      Charging Party applied for the permanent position of Operating Mechanic in June 2004.

      e.      Charging Party is and was qualified for the position of Operating Mechanic.

      f.      Defendant's practice was to promote individuals based on seniority.

      g.      At the time Charging Party applied for the permanent position of Operating Mechanic in June 2004, he had the most seniority of all the Apprentices employed by Defendant.

      h.      Defendant denied Charging Party the Operating Mechanic position because of his disability.

9.      The effect of the practices complained of above have been to deprive Charging Party of equal employment opportunities and otherwise to affect adversely his status as an employee because of his disability.

10.      The effect of the practices complained of above has been to inflict emotional pain,

3

suffering, and inconvenience upon Charging Party.

11.    The unlawful employment practices complained of above were intentional.

12.    The unlawful employment practices complained of above were done with malice and reckless disregard for Charging Party's federally protected rights, in violation of 42 U.S.C. § 12101 et seq.

## PRAYER FOR RELIEF

Wherefore, EEOC respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability.

B.    Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant to make whole Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in an amount to be determined at trial.

E.    Order Defendant to pay Charging Party punitive damages for its malicious and

4

reckless conduct, as described above, in an amount to be determined at trial.

     F.     Grant such further relief as the Court deems necessary and proper in the public interest.

     G.     Award EEOC its costs of this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by this Complaint.

Dated:  June 30, 2006

               James L. Lee
               Deputy General Counsel

               Gwendolyn Y. Reams
               Associate General Counsel

               EQUAL EMPLOYMENT
               OPPORTUNITY COMMISSION
               1801 L Street, N.W.
               Washington, D.C. 20507

               Elizabeth Grossman
               Regional Attorney

               Lisa Sirkin
               Supervisory Trial Attorney

               Kam S. Wong
               Senior Trial Attorney, US EEOC
               33 Whitehall Street, 5th Floor
               New York, New York 10004
               Phone 212-336-3703
               Fax 212-336-3623

5